**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dago Noel MEJIA–ANDRADE, a.k.a. Richard Noel, Defendant–Appellant.**

No. 15–12171

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 2, 2015.

Alexandra Chase, Assistant U.S. Attorney, Wifredo A. Ferrer, Lisette Marie Reid, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Neison M. Marks, West Palm Beach, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

**PER CURIAM:**

Dago Noel Mejia–Andrade, who pled guilty to violating 8 U.S.C. § 1326(a) by illegally reentering the United States after deportation, appeals his 12–month–and–1–day sentence. On appeal, Mejia–Andrade argues that his sentence is substantively unreasonable because the district court imposed a five-month upward variance from the guideline range of one to seven months based upon an improper weighing of Mejia–Andrade's criminal and immigration history. After review,[1] we affirm.

During Mejia–Andrade's sentencing, the district court considered and discussed the § 3553(a) factors, including the nature and circumstances of Mejia–Andrade's offense, Mejia–Andrade's history and characteristics, the need for a sentence that provides deterrence and protects the public, the kinds of sentences available, the applicable

---

1. We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome,* 611 F.3d 1371, 1378 (11th Cir.2010). A court may abuse its discretion if it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey,* 612 F.3d 1160, 1189 (11th Cir.2010) (en banc). We assess substantive reasonableness in light of the totality of the circumstances and the § 3553(a) factors. *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

guideline range, pertinent policy, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). The district court need do no more than weigh the § 3553(a) factors, consider the defendant's argument at sentencing, and apply its discretion to impose a reasonable sentence. *United States v. Clay,* 483 F.3d 739, 743 (11th Cir.2007) (explaining that the weight to be accorded to the § 3552(a) factors is committed to the sound discretion of the district court); *see also United States v. Garza–Mendez,* 735 F.3d 1284, 1290 (11th Cir.2013), *cert. denied,* —— U.S. ——, 135 S.Ct. 54, 190 L.Ed.2d 56 (2014) (holding that the district court need not discuss each factor expressly).

After consideration, the district court concluded that Mejia–Andrade's criminal history and multiple illegal entries into the United States merited an upward variance sufficient to deter Mejia–Andrade and "get [his] attention that [illegal reentry after deportation] really is serious." While we require that a district court provide a "sufficiently compelling" explanation for an upward variance from the guideline range, we must give due deference to the district court's decision that the § 3553(a) factors justify the variance. *Gall,* 552 U.S at 50, 51, 128 S.Ct. 586. As this Court stated in *Irey:*

> We may not—it bears repeating—set aside a sentence merely because we would have decided that another one is more appropriate. A district court's sentence need not be the most appropriate one, it need only be a reasonable one. We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable.

612 F.3d at 1191 (citations and footnote omitted). Giving a full measure of deference to the judgment of the district court, we cannot say that Mejia–Andrade's sentence is truly unreasonable.

**AFFIRMED.**